## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLINTON T. ELDRIDGE, | ) |
| | ) |
| Petitioner, | ) |
| v. | )  Civil Action No. 20-cv-1009 (UNA) |
| | ) |
| BOON BLANCKENSEE, *et al.*, | ) |
| | ) |
| Respondents. | ) |

### MEMORANDUM OPINION & TRANSFER ORDER

This matter is before the court on Respondents' Combined Motion Transfer and Partial Motion to Dismiss. For the reasons stated herein, the Motion will be granted in part; Respondents' Motion to Transfer will be granted and this case will be transferred in the interest of justice to the District of Arizona.

### BACKGROUND

**I.  Procedural History**

Petitioner Clinton T. Eldridge, who has been designated to the United States Penitentiary ("USP") Tucson for the entirety of this litigation, Amended Petition ("Am. Pet."), ECF No. 4 at 3; Motion to Transfer and Partially Dismiss ("Transf. Mot."), ECF No. 15 at 2, *id.* n.2, initiated this matter on April 17, 2020, by filing a petition of habeas corpus pursuant to D.C. Code § 16-901(b). *See generally* Pet., ECF No. 1. On April 28, 2020, another court in this District reviewed the petition and determined that it lacked sufficient detail. *See* 4/28/20 Ord., ECF No. 3. The identity of the intended respondent, Boon Blanckensee, was unclear, and the petition was want of information sufficient to satisfy Local Civil Rule 5.1(c)(1). *See id.* at 1–2. The claims, as well as the relief sought and entitlement to same, were also somewhat unclear. *See id.* at 2. Instead of

1

dismissing the petition outright, that court issued an order identifying these deficiencies and providing petitioner with an opportunity to amend within 30 days. *See id*. at 1–2.

On June 4, 2020, petitioner filed an amended petition for habeas corpus. He named Blanckensee again as a respondent, identifying him as the Complex Warden at USP Tucson, and he also named the Acting Chairperson of the United States Parole Commission ("USPC") as an additional respondent. Am. Pet. at 3. This court then randomly screened, *see* 28 U.S.C. §§ 1915; 1915A, the amended petition, and found that petitioner has complied with the April 28th order, granted his motion to proceed *in forma pauperis*, and directed the action to be randomly assigned to a judge for further proceedings. *See* 6/8/2020 Min. Ord. On June 9, 2020, the Clerk then randomly assigned the action to this court.

## II.     Facts & Amended Petition

Petitioner is a District of Columbia Code offender, who entered a guilty plea on May 14, 1984, to nine counts of the indictment, including rape, armed robbery, and burglary. *See* Transf. Mot. at 1; *see also United States v. Eldridge*, No. 1983 FEL 006638 (D.C. Super. Ct. 1993) at "disposition." On July 19, 1984, the District of Columbia Superior Court sentenced petitioner to an aggregate term of 40 to 120 years of imprisonment. *See* Transf. Mot. at 1; *see also Eldridge*, No. 1983 FEL 006638 at "sentencing."

At the time of petitioner's conviction and sentencing, parole eligibility was determined by a separate D.C. Parole Board, *see Austin v. Reilly*, 606 F. Supp. 2d 4, 8 (D.D.C. 2009), pursuant to regulations promulgated in 1972 ("1972 Regulations"), *see* 9 D.C.R.R. ch. 2, § 105.1 (1972). Subsequently, the D.C. Parole Board published additional guidelines ("1987 Guidelines") intended to achieve more uniform application of the 1972 Regulations, *see* D.C. Mun. Regs. Title 28 §§ 100 *et seq*. (1987) (repealed Aug. 5, 2000), as well as supplemental policy guidelines which more

specifically defined the terms cited in the 1987 Guideline appendices, *see Sellmon v. Reilly*, 551 F. Supp. 2d 66, 71 (D.D.C. 2008).

Congress eventually abolished the D.C. Board of Parole, and in 2000, formally transferred parole jurisdiction to USPC for D.C. felony offenders, through the enactment of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231, 111 Stat. 712, 745 (codified at D.C. Code §§ 24-101 *et seq*.).  Shortly thereafter, the USPC adopted new parole regulations and guidelines ("2000 Guidelines"), *see* 28 C.F.R. § 2.80, applicable to any such offender who received an initial parole hearing after August 5, 1998.  *See Sellmon*, 551 F. at 71.  These regulations are still currently in effect.  *See id.* (Oct. 19, 2015).

Petitioner contends that he is still subject to the now-defunct 1972 Regulations and that, as such, they should have been applied with the 1987 Guidelines at his parole hearings.  *See* Am. Pet. at 6–10.  He states that he has had five total parole hearings, and that in four of those five, USPC relied improperly on the 2000 Guidelines in rendering its determinations.[1]  *Id.* at 6–7.  More specifically, he alleges that the 2000 Guidelines were misapplied at parole hearings held on: July 21, 2010, October 29, 2013, February 2, 2016, and September 24, 2019.  He alleges that the 1972 Regulations and 1987 Guidelines were only properly applied once, namely, at his parole hearing held on June 1, 2018.  *See id.*

As a result of these alleged misapplications, petitioner maintains that USPC has miscalculated the time between his parole hearings – where his parole has been denied each time

---

[1] The court takes judicial notice of several other cases where petitioner has raised substantially similar claims.  *See, e.g., Eldridge v. US Parole Comm'n*, No. 18-cv-00797 (GPG), 2018 WL 10426189 (D. Colo. May 8, 2018) (dismissing action alleging USPC's failure to apply the correct D.C. parole guidelines at hearings held in 2010 and 2013, and challenging USPC's denial of his release to outpatient facility, as "malicious" and "repetitive") (collecting cases), *cert. of appealability denied*, 737 Fed. Appx. 901 (10th Cir. Sept. 14, 2018).  Because this court lacks jurisdiction over petitioner's claims, and respondents do not raise the argument, it does reach the applicability, if any, of *res judicata*, but notes its potential relevance for the receiving court.

– and the subsequent hearings, also known as a known as "set-offs." *See id*. at 6–10; *see also* Petitioner's Opposition ("Opp."), ECF No. 18 at 2, 6–11.[2]  Petitioner argues that he is entitled to 12-month set-offs pursuant to the 1972 Regulations and 1987 Guidelines, but that he has instead received four punitive and illegitimate 36-month set-offs. *See* Am. Pet. at 8; Opp. at 3, 6–11.  He also takes issue with his purported designation as a "sexual predator," and challenges USPC's denial of his request to be imminently placed in a residential treatment program. *See* Pet. at 8; Opp. at 10–11.

Petitioner seeks a rehearing based on the 1972 Regulations and 1987 Guidelines, and should respondents fail to conduct such a hearing, he demands immediate release from custody. *See* Am. Pet. Proposed Order, ECF No. 4-1 at 1.  He also requests placement in a residential treatment program within 90 days, and again, should respondents fail to comply, he seeks immediate release from custody. *See id.* at 2.

Petitioner has also filed two motions for orders, in which he requests that respondents grant him greater access to the prison library, computers, and copier. *See* Petitioner's First Motion for Order ("Pet.'s First Mot."), ECF No. 19 at 1–2, 4; Petitioner's Second Motion for Order ("Pet.'s Sec. Mot."), ECF No. 21, at 5.  He contends that, due to prison restrictions largely in place to prevent the spread of COVID-19, he has faced hardships in timely and thoroughly researching and preparing his legal memoranda and serving respondents. *See* Pet.'s First Mot. at 2–4; Pet.'s Sec.

---

[2]  Approximately one month after the filing of his opposition, petitioner filed an opposition "amendment," ECF No. 20, though without leave to do so.  Nonetheless, the court reviewed and considered the filing.  In the amendment, Petitioner again raises substantially similar arguments regarding the miscalculation of his set-offs based on the alleged misapplication of the 2000 Guidelines, *see id.* at 3, 5, 7–8, and also includes a duplicative request to be transferred to a residential treatment center, *see id.* at 8–9.  Petitioner also alleges that USPC failed to provide adequate reasoning for its determinations, or to provide him with formal notice, as required by statute. *See id*. at 2–5.

Mot. at 2. In the second motion, petitioner also requests some of the relief sought in his amended petition, namely, his release to a residential treatment program. *See* Pet.'s Sec. Mot. at 2.

## ANALYSIS

Respondents argue that this habeas action should be construed pursuant to 28 U.S.C. § 2241. Transf. Mot. at 2–3, 5. Notably, "[a] district court may not entertain a [§ 2241] habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). Respondents also argue that this court cannot exercise personal jurisdiction over respondent Blanckensee. Transf. Mot. at 4–5. For all of these reasons, respondents contend that this matter should be transferred in the interest of justice to the District of Arizona, where petitioner has been and remains incarcerated. *See id.* at 1, 2, *id.* n.2, 4–5.

In opposition, petitioner argues that, because he is a D.C. Code offender who raises his habeas claims pursuant to D.C. Code § 16-1901(b), he may establish subject-matter jurisdiction in this District. *See* Opp. at 4–7. Notwithstanding, a petitioner relying on this statute must be incarcerated "within the District" at the time of filing, *see id.* at § 16-1901(a); *see also Stokes*, 374 F.3d at 1238–39 (holding that habeas jurisdiction, for D.C. Code offenders, is predicated on a petitioner's physical location at the time of filing of the petition). "[W]ithin the District" is a term of art, applicable only to individuals confined within the District of Columbia, or within a designated District correctional facility "located outside the District limits." *See Blair-Bey v. Quick*, 151 F.3d 1036, 1039 n.1, 1043 (D.C. Cir. 1998). Neither now, nor at the time of filing, was petitioner located in the District or otherwise designated to a District of Columbia facility. Thus, petitioner may not bring his habeas claims under Section 16-1901.

5

The District of Columbia Circuit has held, however, that federal courts are not precluded by D.C. Code § 16–1901 from entertaining habeas corpus petitions filed by D.C. Code offenders. *See id.* at 1046–47. Instead, these petitioners may alternatively file a habeas petition pursuant through the "available avenue" of 28 U.S.C. § 2241. *See id.* at 1044; *see also Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (Section 2241 is proper for challenges to the execution of a federal prisoner's sentence, including: the administration of parole, the computation of a prisoner's sentence, and the type of detention and resulting prison conditions). Consequently, petitioner's habeas claims relating to his parole determinations are not entirely foreclosed but, he must raise them pursuant to Section 2241. *See Blair-Bey* 151 F.3d at 1044. And this District may not entertain his Section 2241 claims because his immediate custodian is located in Arizona. *See Stokes*, 374 F.3d at 1239 (holding that even though petitioner had been arrested and convicted in Superior Court, and that he served a prior portion of his prison term in a D.C. correctional facility, it was "of no moment under the immediate custodian rule.") (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004)).

Petitioner argues that has sued a federal official, and that he seeks review of determinations rendered by a federal agency, thus suggesting that doing so ascertains subject matter jurisdiction in the District of Columbia. *See* Opp. at 4–7. Courts in this jurisdiction must examine personal jurisdiction and venue carefully to guard against the danger that a litigant might manufacture venue in the District of Columbia. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). By naming a federal government agency or official as a respondent, a petitioner could attempt to bring a suit in the District of Columbia that should properly be pursued elsewhere. *See id.*

As noted by the cases cited by petitioner, habeas litigants incarcerated outside of this District have, at times, successfully obtained subject matter jurisdiction over USCP and challenged its determinations here. However, the cases cited by petitioner are distinguishable from the instant

6

matter in two respects. First, for example, petitioner cites to *Noble v. U.S. Parole Comm'n*, 887 F. Supp. 11 (D.D.C. 1995), and other similar case law. *See* Opp. at 5. The petitioner in *Noble* was granted parole and under active supervision by USPC, and then later specifically detained by UPSC in a federal prison on aggregated federal and local sentences. *See Noble*, 887 F. Supp. at 11–12. Therefore, that petitioner was considered "in the custody" of USPC. *Id.* Here, petitioner has never been granted parole, and therefore is simply not in the custody of USPC.

Second, petitioner cites to *Daniel v. Fulwood*, 893 F. Supp. 2d 42 (D.D.C. 2012), *reversed and remanded*, 766 F.3d 57 (2014), and *Daniel v. Smoot*, 287 F. Supp. 3d 74 (D.D.C. 2018). Opp. at 9. In these related *Daniel* opinions, however, class-action petitioners challenged determinations by USPC through means other than habeas and did not raise claims against the wardens of their respective facilities. Here, petitioner has explicitly pursued his claims through habeas, [3] and he has named his warden as a respondent. *Id.* at 2, 3.

There is no ambiguity that petitioner's claims should be filed in the District of Arizona. *See Guerra v. Meese*, 786 F.2d 414, 417 (D.C. Cir. 1986) ("a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction"). Additionally, there is also no indication that this court can exercise personal jurisdiction over respondent Blanckensee. *See International Shoe Co. v Washington*, 326 U.S. 310, 316 (1945) (holding that due process of law requires that, in order to subject a respondent to a judgment *in personam*, the respondent must either (1) be present within territory of forum, or (2) have certain minimum contacts with it such that maintenance of the suit does not offend traditional notions of fair play and substantial justice) (citations and internal quotation marks omitted); *see also Stokes*, 374 F.3d at 1239.

---

[3] Petitioner has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), *see Eldridge v. Tucker*, No. 99-0061 (D.D.C. June 6, 2000), which could explain his determination to file this as a habeas matter, rather as another type of civil action.

"A district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under 28 U.S.C. § 1406(a), transfer is appropriate when procedural obstacles impede an expeditious and orderly adjudication on the merits of a case. *Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 (D.C. Cir. 1983); *see also Smith v. BOP*, 971 F. Supp. 2d 99, 102–03 (D.D.C. 2013) (transferring habeas matter challenging parole determinations, from the District of Columbia to the Central District of California – where petitioner was incarcerated at the time of filing and where the warden was located). Consequently, this matter shall be transferred in the interest of justice to the District of Arizona.

Respondents also argue that the USPC Chairperson should be dismissed from this matter pursuant to precedent established by the District of Columbia Circuit. Transf. Mot. at 3–4; *see also Blair-Bey*, 151 F.3d at 1039; *Guerra*, 786 F.2d at 416. This court, however, is want of jurisdiction over this matter, and therefore, will leave any determinations regarding dismissal of the parties to the receiving court.

## CONCLUSION

For all of the foregoing reasons, Respondents' Motion, ECF No. 15, is **GRANTED IN PART**, and it is hereby **ORDERED** that this case is **TRANSFERRED** in the interest of justice, *see* 28 U.S.C. § 1406(a), to the **United States District Court for the District of Arizona.** Whether Petitioner is entitled to the relief sought in his First Motion for Order, ECF No. 19, or Second Motion for Order, ECF No. 21, are determinations left to the receiving court.

Date:  February 1, 2021

_____/s/_____
EMMET G. SULLIVAN
United States District Judge